CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/24/2018
JULIA C. DUDLEY, CLERK
BY:  s/ CARMEN AMOS
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### LYNCHBURG DIVISION

| | |
|---|---|
| BASYLE TCHIVIDJIAN, *ET AL.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> FEDERAL INSURANCE COMPANY, <br><br> *Defendant.* | CASE NO. 6:17-cv-00095 <br><br> <u>MEMORANDUM OPINION</u> <br><br> JUDGE NORMAN K. MOON |

Rickey Boyer, Sr., who is not a party to this lawsuit, sued Basyle Tchividjian ("Tchividjian") and Godly Response to Abuse in the Christian Environment, Inc. ("G.R.A.C.E.") for defamation in the Lynchburg Circuit Court. The instant action started when Tchividjian and G.R.A.C.E. then sued Federal Insurance Company ("Federal"), also in the Lynchburg Circuit Court. Tchividjian and G.R.A.C.E. are seeking a declaratory judgment that their insurance contract with Federal requires Federal to defend and indemnify them in the underlying suits filed by Boyer. Federal removed this case, and Tchividjian and G.R.A.C.E. now ask this Court to remand it to state court.

This Court has diversity jurisdiction over the suit. *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 2201(a) (granting a cause of action for declaratory judgments only "[i]n a case of actual controversy within [the court's] jurisdiction . . . ."). Federal is a citizen of both Indiana and New Jersey, while the plaintiffs are citizens of Virginia and Florida. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In suits for declaratory relief, the amount in controversy is "measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). In this case, the object of the litigation is the amount at issue in the underlying lawsuits, which is well over $75,000.

While the Court has jurisdiction, Tchividjian and G.R.A.C.E. ask the Court to abstain from exercising it. "District courts ordinarily have a strict duty to exercise the jurisdiction that is conferred on them by Congress." *Myles Lumber Co. v. CNA Fin. Corp.*, 233 F.3d 821, 823 (4th Cir. 2000). But this obligation "must . . . be qualified in a declaratory action." *Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir. 1992). The Declaratory Judgment Act provides that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration . . . . ." 28 U.S.C. § 2201(a) (emphasis added). And so even when a "District Court ha[s] jurisdiction of the suit under the Federal Declaratory Judgments Act, it [i]s under no compulsion to exercise that jurisdiction." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995) ("We have repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.'"); *VonRosenberg v. Lawrence*, 781 F.3d 731, 735 (4th Cir. 2015) ("*Brillhart /Wilton* [abstention] . . . naturally flows from the broad *discretion* afforded courts to entertain actions and award declaratory relief under the Declaratory Judgment Act." (emphasis in the original)). The discretionary decision to exercise jurisdiction in this context is specially implicated when related suits are pending in state court. *See Brillhart*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties.").

But this discretion is not without bounds, so "the court must [decline to exercise its jurisdiction] only for 'good reason.'" *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994). The Fourth Circuit has articulated four factors that bind a district court's discretion:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than

the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493–94 (4th Cir. 1998); *see Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 211 (4th Cir. 2006) (same). The Court now works through these factors.

## I.

The first of these factors, whether the state has a strong interest in having the issues decided in its courts, is inconclusive. Certainly "[t]here exists an interest in having the most authoritative voice speak on the meaning of applicable law, and that voice belongs to the state courts when state law controls the resolution of the case." *Mitcheson v. Harris*, 955 F.2d 235, 237 (4th Cir. 1992). But "defer[ring] to the state court tort case in the circumstances before us will not advance the State's interests significantly because (1) the contractual coverage issue will not be decided by the state tort case, and (2) [the insurer] is not a party to the state case." *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 414 (4th Cir. 2004).

*Mitcheson* and *Coffey* both arose under similar facts to the instant case; they involved insurers bringing declaratory judgment actions in federal court to determine whether they were required to defend and indemnify underlying state court actions. They also both came to opposite conclusions on whether this factor favored the exercise of jurisdiction. The primary difference between the cases is whether the issue of state law presented in the declaratory judgment action was "difficult, complex, or unsettled." *Gross*, 468 F.3d at 211. The Fourth Circuit has repeatedly recognized that states have stronger interests in deciding cases when the issue is novel or otherwise problematic. *See, e.g., Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 258 (4th Cir. 1996) ("For instance, although only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having

these issues decided in state court."); *Mitcheson*, 955 F.2d at 240 ("The aforementioned interests assume greater saliency where, as here, the issues of state law are close.").

The issues presented by this suit concern the interpretation of the parties' contract under Virginia law. The underlying suits allege the plaintiffs in this suit defamed Boyer through the publication of a blog post that alleged Boyer "crossed sexual boundaries." Whether National is required to defend the plaintiffs and indemnify them for any damages arising out of those lawsuits turns on the terms of the parties' contract. Specifically, the parties both point to contractual language excluding coverage for claims "based upon," "arising from," or "in consequence of" any actual or alleged sexual behavior.[1] Many of these terms have been definitively construed by the Supreme Court of Virginia, although not specifically in the sexual abuse context. *See, e.g., Doctors Co. v. Women's Healthcare Assocs., Inc.*, 285 Va. 566, 574 (2013) (construing "arising" in an insurance contract).

Accordingly, while Virginia certainly has an interest in construing its own laws, in this case that interest is "not particularly significant" because this Court "would be unlikely to break new ground or be faced with novel issues of state interest." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). Instead, the Court will simply need to apply settled law to the contract at issue in this case.

## II.

The second factor, whether the state courts could resolve the issues more efficiently than the federal courts, favors this Court's exercise of jurisdiction. While "[t]here is no requirement that a parallel proceeding be pending in state court before a federal court should decline to

---

[1] National also relies on other defenses to coverage, including the "bodily injury" and "statutory violation" exclusions. Tchividjian and G.R.A.C.E. do not argue there are any "difficult, complex, or unsettled" questions of state law raised by these other exclusions, and so the Court does not address them further at this point.

exercise jurisdiction over a declaratory judgment action," *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 423 (4th Cir. 1998), *Brillhart* abstention is centrally focused on cases where "another suit is pending in a state court presenting the *same issues* [as in the declaratory judgment action], not governed by federal law, between the *same parties*." 316 U.S. at 495 (emphasis added). To that end, *Brillhart* directed courts to inquire "into the scope of the pending state court proceeding" and ask "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding." *Id.*

"This is not a case where many of the issues of law and fact sought to be adjudicated in the federal action are already being litigated by the same parties in the related state court action." *Great Am. Ins. Co. v. Gross*, 468 F.3d 199, 212 (4th Cir. 2006). Instead, as in *Gross*, "the basic issue sought to be resolved here involves insurance coverage, and [the insurance company] is not even a party in any of the . . . state court actions, which involve distinct and more factually complex issues." *Id.* "Because [the insurer] is not a party in the state action and it is not clear under Virginia rules that [the insurer] could intervene to have coverage issues decided within the scope of the underlying tort case, dismissing the federal coverage case would not seem to advance any cause of efficiency." *Coffey*, 368 F.3d at 414; *see also Lark v. Nationwide Ins. Co. of Am.*, No. 7:13CV00395, 2013 WL 5918310, at *4 (W.D. Va. Oct. 31, 2013) ("Western Heritage is not, and cannot be made, a party to the pending state tort suit. Under Virginia law, 'an injured person must reduce his claim to judgment before bringing an action against the tort-feasor's liability insurer.'" (quoting *United Services Auto. Ass'n v. Nationwide Mut. Ins. Co.*, 218 Va. 861, 867 (Va. 1978))).[2] Likewise, and as discussed more fully in the following section, the

---

[2] National's absence from the state suits further differentiates this case from *Mitcheson*, where the Fourth Circuit noted that the insurer was providing the insured "with a defense under a reservation of rights" after they were notified of the state claim. 955 F.2d at 236.

state court actions will not reach the legal questions presented in this action. While those actions will focus on the alleged defamation, they will not engage with the insurance coverage issue presented in the declaratory judgment action. *See Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 n.4 (4th Cir. 1994) ("[T]he federal appellate courts have uniformly recognized that the mere pendency of a related tort action against the insured in state court does not in and of itself require a federal court to refuse an insurer's request for declaratory relief on coverage issues.") (partial abrogation on other grounds recognized by *Poston*, 88 F.3d at 258).

Accordingly, the Court finds that the state court would be unable to resolve the issues presented in this case more efficiently than the federal courts.

## III.

For similar reasons, the Court finds the third factor, whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts, also favors exercise of jurisdiction. The opportunity for entanglement here is minimal. This is because the "[i]nsurance coverage issues are not directly raised in the pending state court proceedings, which involve entirely separate and independent questions of liability." *Gross*, 468 F.3d at 212. Under Virginia law, "it is a well-established principle, consistently applied in this Commonwealth, that only the allegations in the complaint and the provisions of the insurance policy are to be considered in deciding whether there is a duty on the part of the insurer to defend and indemnify the insured." *AES Corp. v. Steadfast Ins. Co.*, 283 Va. 609, 616–17 (2012).[3] And so the Court "need only decide such coverage by comparing what [the state court plaintiff] has alleged in the state court action with the language of the [insurer's] insurance policy." *Coffey*,

---

[3]    "This principle is commonly known as the 'eight corners rule' because the determination is made by comparing the 'four corners' of the underlying complaint with the 'four corners' of the policy, to determine whether the allegations in the underlying complaint come within the coverage provided by the policy." *AES Corp.*, 283 Va. at 617.

368 F.3d at 413. This legal question will not be addressed within either of the state court actions, and this Court will not be drawn into the factual questions those cases will resolve.

Accordingly, the Court finds the exercise of jurisdiction in this case will not lead to unnecessary entanglement. *See Minnesota Lawyers Mut. Ins. Co. v. Antonelli, Terry, Stout & Kraus, LLP*, 355 F. App'x 698, 703–04 (4th Cir. 2009) ("While the conduct of Stout underlies both the Florida suit and the declaratory judgment action, the Florida suit is an action involving fraud, contract law, and possibly malpractice. In the declaratory judgment action, these issues were not before the district court. The district court was only faced with a contractual coverage issue. Piecemeal litigation would therefore not result from the district court deciding the coverage issue because the scope of coverage is not at issue in the state proceeding.").[4]

## IV.

There are no signs that the fourth factor, whether the federal action is mere "procedural fencing," is implicated here. *See Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994). "This is not a case in which a party has raced to federal court in an effort to get certain issues that are already pending before the state courts resolved first in a more favorable forum, for the issues presented in this action are not the same as those raised in the pending . . . state court actions." *Gross*, 468 F.3d at 212. Additionally, the suit was originally filed (in state court) by Tchividjian and G.R.A.C.E., belying any notion that *National* was "racing to the

---

[4]     Differences between Maryland law and Virginia law moot some of the entanglement concerns raised by the Fourth Circuit in *Mitcheson*. Virginia law, as described above in note 3, relies on the "eight corners rule" to compare the complaint and the insurance policy. However, Maryland law, which was at issue in *Mitcheson*, also looks to extrinsic evidence, and thereby wades into more factual disputes. *See Aetna Cas. & Sur. Co. v. Cochran*, 337 Md. 98, 112 (1995). The Eastern District of Virginia has recognized this distinction in its consideration of the *Kapiloff* / *Nautilus* factors. *See State Farm Fire & Cas. Co. v. Frank*, No. 4:10CV99, 2011 WL 1883987, at *7 (E.D. Va. Apr. 20, 2011), *report and recommendation adopted*, 2011 WL 1883268 (E.D. Va. May 13, 2011).

courthouse."  National removed the suit, as was its right.  *C.f. Coffey*, 368 F.3d at 414 ("There is a live and serious question of whether the assault and battery exclusion in the policy issued to A.J.Z. applies, and the evidence in the record leads to the conclusion that Penn-America has appropriately sought a declaratory judgment in federal court to clarify and settle the issue.").

This factor does not favor abstention.

\*      \*      \*

In sum, the Court finds there are no "good reasons," *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994), for the Court to decline to exercise jurisdiction here.  While related, the declaratory judgment action raises different issues and is between different parties than those actions proceeding in the state courts.  The plaintiffs' motion to remand will be denied.  An appropriate order will issue.  The Clerk of Court is directed to send this Opinion to the parties.

Entered this  24th  day of April, 2018.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE